IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARILYN G. GRIFFIN,                )
individually and as                )
administrator of the estate,       )
goods, chattels, and credits       )
of MICHAEL GRIFFIN,                )
                                   )
            Plaintiff,             )
                                   )
     v.                            )      1:15CV812
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            Defendant.             )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This case was stayed pending the North Carolina Supreme Court's decision in Vaughan v. Mashburn. (See Doc. 31.) The North Carolina Supreme Court issued a final decision in that case on August 17, 2018. See Vaughan v. Mashburn, ____ N.C. ____, 817 S.E.2d 370 (2018). Per this court's order, Plaintiff filed a supplemental brief on August 20, 2018, notifying this court that the North Carolina Supreme Court had ruled in the Vaughan case and asking this court to deny Defendant's motion to dismiss based on that holding. (Doc. 33.) Defendant replied, arguing that Vaughan should not determine the outcome of this case and that this court should grant its motion to dismiss for failure to comply with North Carolina Rule of Civil Procedure

9(j). (Def.'s Reply to Pl.'s Supp. Filing ("Def.'s Reply") (Doc. 34).) Plaintiff then filed a motion for leave to file an additional response "only . . . in the event the Court believes issues have been raised that have not been adequately addressed." (Doc. 35.)

Because this court believes that the motion to dismiss can be effectively addressed based on the parties' existing briefing, this court will deny Plaintiff's motion for leave to file an additional response. This court further finds, for the reasons described herein, that Defendant's motion to dismiss should be denied.

I. **FACTUAL & PROCEDURAL HISTORY**

Plaintiff filed her initial complaint in this court on September 29, 2015, as administratrix of the estate of her deceased husband, Michael Griffin. (See Doc. 1.) Plaintiff sought damages from Defendant under the Federal Tort Claims Act for alleged medical malpractice in Defendant's treatment of Mr. Griffin at a Department of Veterans Affairs hospital in Salisbury, North Carolina. (Id. ¶¶ II, XII, XL.) Specifically, Plaintiff alleges that, "[a]s a direct and proximate result of Defendant USA's agents' negligent care and treatment of Michael Griffin, Mr. Griffin's bladder cancer went undetected for an

extended period of time." (Id. ¶ XXX.) Plaintiff did not include a Rule 9(j) certification in her initial complaint.[1]

Defendant then filed a motion to dismiss Plaintiff's complaint for failure to comply with North Carolina Rule of Civil Procedure 9(j), (Doc. 12), and a memorandum in support of that motion, (Doc. 13). Plaintiff filed an Amended Complaint, (Amended Complaint ("Am. Compl.") (Doc. 14)), which was permitted pursuant to Fed. R. Civ. P. 15(a)(1)(A) within twenty-one days of the motion to dismiss. The Amended Complaint contains a Rule 9(j) certification and supporting affidavits. (Id. ¶ XLI, Exs. A & B.) Defendant moved to dismiss the Amended Complaint, incorporating its earlier arguments by reference. (See Docs. 17, 18.) Plaintiff responded, (Doc. 19), and Defendant replied, (Doc. 20). As described above, this court then stayed the case pending the final outcome of the Vaughan v. Mashburn case in state court. Both Plaintiff and Defendant filed supplemental pleadings addressing the Vaughan decision, (Docs. 33, 34), and Plaintiff filed a motion for leave to file an additional response brief, (Doc. 35).

---

[1] See N.C. Gen. Stat. § 1A-1, Rule 9(j) (requiring, generally, that all medical malpractice plaintiffs either include a certification in the complaint that the relevant medical records have been reviewed by a potential expert witness who is willing to testify in the case or allege a res ipsa loquitor theory of liability).

- 3 -

## II. **STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the plaintiff must plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

When ruling on a motion to dismiss, this court must accept the complaint's factual allegations as true. Iqbal, 556 U.S. at 678. Further, "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted). Despite this deferential standard, a court will not accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Iqbal, 556 U.S. at 678.

## III. **ANALYSIS**

As an initial matter, Plaintiff "does not concede the Federal Tort Claims Act . . . requires a plaintiff filing an

FTCA claim in federal court to comply with the North Carolina Rules of Civil Procedure," including Rule 9(j). (Am. Compl. (Doc. 14) ¶ XLI.) The Fourth Circuit has explicitly held, albeit in an unpublished opinion, that the Rule 9(j) certification requirement applies to an FTCA medical malpractice claim brought under North Carolina law. See Littlepaige v. United States, 528 F. App'x 289, 292-93 (4th Cir. 2013). And this court has previously explained in detail why Rule 9(j) is applicable in the FTCA context. See Boula v. United States, No. 1:11CV366, 2013 WL 5962935, at *2 (M.D.N.C. Nov. 7, 2013). For the same reasons stated in Boula, this court finds that Rule 9(j) applies to this case.

The next question is whether the North Carolina Supreme Court's holding in Vaughan compels the denial of Defendant's motion to dismiss here. In Vaughan, the plaintiff filed a lawsuit alleging medical malpractice but referred to an old version of North Carolina Rule 9(j) and therefore "omitted an assertion that all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry had been reviewed as required by the applicable rule." Vaughan, 817 S.E.2d at 372 (internal quotations omitted). The plaintiff then moved for leave to file an amended complaint and an affidavit "indicating that [the plaintiff's medical expert had] reviewed plaintiff's medical care and related medical

records before the filing of plaintiff's original complaint." Id. at 373. The North Carolina Supreme Court reversed the trial court's denial of Plaintiff's motion for leave to amend and held as follows:

> Because plaintiff's amended complaint corrected a technical pleading error and made clear that the expert review required by Rule 9(j) occurred before the filing of the original complaint, the amended complaint complied with Rule 9(j) and may properly relate back to the date of the original complaint under Rule 15(c).

Id. at 379-80. Specifically, the court emphasized that the Rule 9(j) certification process "averts frivolous actions by precluding any filing in the first place by a plaintiff who is unable to procure an expert who both meets the appropriate qualifications and, after reviewing the medical care and available record, is willing to testify . . . ." Id. at 375.

Plaintiff argues that, "under the North Carolina Supreme Court's decision in Vaughan, the amended complaint relates back to the date of the original complaint and is not subject to dismissal on the basis that the original complaint lacked a Rule 9(j) certification." (Doc. 33 at 2.) Defendant, however, contends that the instant case is distinguishable from Vaughan "because, rather than include a technically defective 9(j) certification in her initial complaint, Plaintiff failed to include any certification or reference to Rule 9(j) whatsoever." (Def.'s Reply (Doc. 34) at 3.) Defendant argues that the Vaughan

holding applies only to a defective, rather than a missing, Rule 9(j) certification, and that the North Carolina Supreme Court thus has yet to opine on the specific issue presented by this case. (Id. at 4.)

This court declines to give Vaughan the cramped construction that Defendant urges it to adopt. While it is true that the plaintiff in Vaughan initially submitted a defective Rule 9(j) certification, rather than failing to submit one altogether, that distinction is entirely irrelevant to the legislative purpose behind the certification. As the court in Vaughan observed, "the rule averts frivolous actions by precluding any filing in the first place by a plaintiff" who fails to take the necessary steps. Vaughan, 817 S.E.2d at 375. The court goes on to state the following:

> But when a plaintiff prior to filing has procured an expert who meets the appropriate qualifications and, after reviewing the medical care and available records, is willing to testify that the medical care at issue fell below the standard of care, dismissing an amended complaint would not prevent frivolous lawsuits.

Id. at 379 (emphasis added). In other words, where the plaintiff has taken the necessary steps but merely fails to satisfy the procedural requirements of the rule (either by submitting a defective certification or by submitting no certification at all), the claim is not frivolous and Rule 9(j) should not be applied to prevent the claim from proceeding. As the North

Carolina Supreme Court has previously held, "a meritorious complaint will not be summarily dismissed without benefit of Rule 41(a)(1), simply because of an error by plaintiffs' attorney in <u>failing to attach the required certificate</u> to the complaint pursuant to Rule 9(j)."[2] <u>Brisson v. Kathy A. Santoriello, M.D., P.A.</u>, 351 N.C. 589, 598, 528 S.E.2d 568, 573 (2000) (emphasis added).

According to the amended complaint and its certification, Plaintiff took all steps required by North Carolina Rule of Civil Procedure 9(j) prior to filing her initial complaint. (Am. Compl. (Doc. 14) ¶ XLI.) Plaintiff then omitted any evidence of these steps from her initial complaint, in the mistaken belief that a Rule 9(j) certification was not required. This court finds no basis in the <u>Vaughan</u> holding for the narrow distinction that Defendant advocates. Where the plaintiff has completed the entire expert certification process prior to the initial filing date, the purpose of Rule 9(j) is satisfied and amendment should be permitted. <u>See</u> <u>Vaughan</u>, 817 S.E.2d at 379 (emphasizing "the principle that decisions be had on the merits and not avoided on

---

[2] While Defendant is correct that <u>Brisson</u> dealt with voluntary dismissal under North Carolina Rule 41 and thus is not directly applicable to this case, (<u>see</u> Def.'s Reply (Doc. 34) at 4), this court finds the <u>Brisson</u> holding instructive to the extent it analyzes the rationale behind the Rule 9(j) certification. Indeed, the court in <u>Vaughan</u> relied heavily on <u>Brisson</u> although <u>Vaughan</u> also did not involve an involuntary dismissal.

the basis of mere technicalities") (internal quotation marks and citations omitted).

Applying North Carolina law, this court finds that a plaintiff who fails to file a Rule 9(j) certification may amend his or her complaint to include this certification when the required expert review process was completed prior to the date the initial complaint was filed. Therefore, Plaintiff has complied with N.C. Gen. Stat. § 1A-1, Rule 9(j). As Defendant provides no reason for dismissal other than the Rule 9(j) certification, Defendant's motion to dismiss will be denied.

IV. **CONCLUSION**

For the foregoing reasons, this court finds that Plaintiff's motion for leave to file additional response should be denied and Defendant's motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that the stay in this case is **LIFTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file additional response, (Doc. 35), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Plaintiff's amended complaint, (Doc. 17), is **DENIED.**

This the 28th day of May, 2019.

_____
United States District Judge